In the Matter of the Estate of LUIS G. DE LOS SALMONES Y DE LA PEDRAJA, Deceased.

Surrogate's Court, New York County, January 13, 1953.

*William Saxe* and *Irving M. Gruber* for Renee C. S. Padraja, petitioner.

*Raphael H. Beauduy* for Pilar G. De La Pedraja and others, respondents.

*De Forest, Elder & Mulreany* for Presbyterian Hospital in City of New York, respondent.

*Hamilton McInnes* for State Tax Commission, respondent.

FRANKENTHALER, S. Cross applications having been made for ancillary letters of administration *c. t. a.* the court must determine which of the parties is " entitled in the foreign state or country to the possession of the personal property of the decedent." (Surrogate's Ct. Act, § 161.) Decedent, a resident of Spain, died in New York City on July 17, 1951, having executed a holographic will dated January 19, 1951, ratified by him on March 30, 1951, and May 1, 1951, which was judicially established in Spain in accordance with the law of that country on October

25, 1951. He was survived by a daughter, three sisters and an alleged widow from whom he was canonically separated, all of whom are residents of Spain, and by petitioner, a resident of New York who also alleges to be decedent's widow. The court is not called upon to resolve the conflicting claims as to marital status as petitioner's application is based upon her status as a legatee under the will.

Decedent bequeathed to petitioner two insurance policies, the sum of 2,000 pesetas and specific personalty or its equivalent in dollars, and he declared that " all of this makes a total of about $10,000 which is the amount I want her to receive ". The remainder of the estate was divided among his three sisters and his daughter, and his sister Pilar was empowered to take all steps necessary to comply with his wishes. She was not, however, expressly nominated as executrix. All of the interested parties resident in Spain have renounced their rights in and to the estate in favor of decedent's sister, Concepcion, and cross petitioner, who is the designee of Concepcion, alleges that she is the sole universal legatee and heir of deceased and is therefore the only person entitled to possession of his personal property.

Upon the hearing two expert witnesses testified to the applicable Spanish law, and memoranda have been submitted setting forth the pertinent provisions of the Spanish Civil Code. It appears that under the law of Spain possession of the personal property of a decedent passes automatically to his heir (Spanish Civ. Code, § 440). Ownership of a specific legacy vests in the legatee upon the death of the testator (Spanish Civ. Code, § 882) while a general legatee is deemed a creditor of the estate. In either event " the legatee cannot take possession of the thing bequeathed upon his own authority, but must request its delivery and possession from the heir " (Spanish Civ. Code, § 885). Possession is distinct in law from ownership, and the specific legatee, although the owner of the assets bequeathed, has only the right to receive his interest from the heir who is deemed possessed of the property by operation of law. Hence, under the Spanish law as proved herein, cross-petitioner's designor is the sole person entitled to the possession of decedent's personalty and letters of administration c. t. a. will issue to him.

Petitioner objected to the introduction in evidence of a certified copy of a decision of the Spanish court declaring cross petitioner's designor to be the sole universal heir and legatee on the ground that it had not been properly authenticated. This objection must be overruled as the affidavit of the Consul General

for Spain in New York renders the document admissible (see Civ. Prac. Act, .§ 395, subd. 4) but the decision is not binding upon petitioner who was not made a party to that proceeding. Ownership of the platinum bracelet is not properly an issue herein and the testimony relating thereto is ordered stricken.

Submit decree on notice directing the issuance of ancillary letters of administration *c. t. a.* to cross petitioner.